UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TYLER P.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. C26-5282-MLP

ORDER

## I. INTRODUCTION

Plaintiff seeks review of the denial of his applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends that the administrative law judge ("ALJ") erred by misevaluating the medical opinion evidence, his testimony, and the lay evidence. (Dkt. # 10.) The Commissioner filed a response arguing that the ALJ's decision is free of legal error, supported by substantial evidence, and should be affirmed. (Dkt. # 11.) Plaintiff filed a reply. (Dkt. # 15.) Having considered the ALJ's decision, the administrative record ("AR"), and the parties' briefing, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings.[1]

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 2.)

## II. BACKGROUND

Plaintiff was born in June 1985, has at least a high school education, and has worked as a welder. AR at 26, 273-76. Plaintiff was last gainfully employed in 2018. *Id.* at 217.

In December 2023, Plaintiff applied for benefits, alleging disability as of June 23, 2023. AR at 17. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* After the ALJ conducted a hearing in August 2025, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 17, 27.

Using the five-step disability evaluation process,[2] the ALJ found, in pertinent part, Plaintiff had the severe impairment of b-cell lymphoma (MALT brain lesion) status post right temporal craniotomy. AR at 20. He had the residual functional capacity ("RFC") to perform medium work, with some additional exertional and non-exertional limitations. *Id.* at 22-23. As jobs existed in significant number that Plaintiff could perform, he was not disabled. *Id.* at 26-27.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

## III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may overturn the Commissioner's denial of social security benefits if the ALJ's decision rests on legal error or is not supported by substantial evidence. *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019) (cleaned up). In applying this

---

[2] 20 C.F.R. §§ 404.1520, 416.920.

standard, the Court must consider the record as a whole to determine whether it contains sufficient evidence to support the ALJ's findings. *Id.*

Although the Court evaluates the record as a whole, it is not permitted to reweigh the evidence or substitute its judgment for that of the ALJ. *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021). The ALJ is tasked with evaluating testimony, resolving conflicts in the medical evidence, and addressing ambiguities in the record. *Smartt*, 53 F.4th at 494-95. Where the evidence can be interpreted in more than one rational way, the ALJ's decision must be upheld. *Id.* Even if the ALJ erred, reversal is not warranted unless the error affected the outcome of the disability determination. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The party challenging the ALJ's decision bears the burden of demonstrating harmful error. *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## IV. DISCUSSION

### A. The ALJ Erred in Evaluating Medical Evidence

The regulations applicable to this case require the ALJ to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c). These findings must be supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

#### *1. Other Medical Evidence*

Despite this Court's repeated admonishments of Counsel,[3] and in contravention of the Court's scheduling order (dkt. # 8 at 2), Plaintiff's brief spends nearly two full pages

[3] *See, e.g., Joseph L.S.C. v. Comm'r of Soc. Sec.*, 2024 WL 4471778, at *4 (W.D. Wash. May 22, 2024) (warning the same counsel as in the current case that his failure to adequately develop arguments may prejudice his clients and listing other cases where he was previously admonished); *Brian J.C. v. Comm'r of Soc. Sec.*, 2025 WL 1149711, at *6-7 (W.D. Wash. Apr. 18, 2025) (same); *Andrew H. v. Comm'r of Soc. Sec.*, 2025 WL 2930930, at *3 (W.D. Wash. Oct. 15, 2025) (same).

summarizing the medical evidence in the case. (Dkt. # 10 at 4-6.) Neither the bare assertion of an issue, nor summaries of evidence unaccompanied by analysis or legal arguments, suffice to demonstrate harmful error. *See Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994); *see also Putz v. Kijakazi*, 2022 WL 6943095, at *2 (9th Cir. Oct. 12, 2022) (finding that plaintiff, who was represented by the same counsel as in this case, waived any points offered either through bare assertions of error or through lists of "numerous clinical findings, unaccompanied by argument, intended to corroborate testimony the ALJ discounted"). Because "arguments not raised by a party in an opening brief are waived[,]" *Zango, Inc. v. Kaspersky Lab, Inc.*, 568 F.3d 1169, 1177 n.8 (9th Cir. 2009), the Court herein considers only those arguments first raised "'specifically and distinctly'" in Plaintiff's opening brief. *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (quoted source omitted).

*2. Terilee Wingate, Ph.D.*

The ALJ considered Dr. Wingate's opinion and found it unpersuasive as unsupported and inconsistent with the longitudinal medical record. AR at 25. Plaintiff argues the ALJ improperly found that Dr. Wingate's exam was brief and superficial, Dr. Wingate properly based her opinion on her interview of Plaintiff, and the ALJ improperly considered Plaintiff's lack of treatment as inconsistent when Plaintiff's mental health would make seeking treatment more difficult. (Dkt. # 10 at 2-3.) The Commissioner argues that the ALJ properly found Dr. Wingate's opinion unsupported as the examination was "normal in every aspect." (Dkt. # 11 at 3.)

Dr. Wingate opined that Plaintiff could understand, remember, and learn simple and complex tasks, but would have difficulty sustaining attention without interruption from anxiety, pain, and fatigue, and had poor stress tolerance. AR at 553.

First, the ALJ discounted Dr. Wingate's opinion because it was "based on one brief, superficial meeting with the claimant." AR at 25. This finding, while it is a factor an ALJ may consider, ignores the regulations, which focus on whether opinions are supported and consistent, not on the examining relationship. 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c). ALJs frequently rely on one-time consultative exams to make disability determination, and the regulations give the Commissioner "broad latitude in ordering a consultative examination." *Reed v. Massanari*, 270 F.3d 838, 842 (9th Cir. 2001); 20 C.F.R. §§ 404.1520b(b)(2)(iii), 416.920b(b)(2)(iii). Dr. Wingate's opinion records a detailed psychological exam. AR at 549-54. The ALJ erred in finding her opinion unsupported for this reason.

The ALJ further discounted Dr. Wingate's opinion in part because it was "entirely reliant upon the claimant['s] own subjective reporting of symptoms." AR at 25. The Commissioner argues that this was an appropriate basis to discount Dr. Wingate's opinion (dkt. # 11 at 3-4), but Ninth Circuit precedent is clear that "[p]sychiatric evaluations may appear subjective, especially compared to evaluation in other medical fields. Diagnoses will always depend in part on the patient's self-report, as well as on the clinician's observations of the patient." *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017). "Thus, the rule allowing an ALJ to reject opinions based on self-reports does not apply in the same manner to opinions regarding mental illness." *Id*. The ALJ's assertion that Dr. Wingate's psychological testing was "minimal" fails to acknowledge that psychological evaluations are largely based on the clinician's interview of a claimant. Further, as discussed below, the ALJ erred in discounting Plaintiff's testimony, and therefore erred in discounting Dr. Wingate's opinion for this reason. *Cf. Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) ("An ALJ may reject a physician's opinion "if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible.").

The ALJ additionally found Dr. Wingate's opinion unsupported by the normal mental status exam. AR at 25. Dr. Wingate based her opinion on Plaintiff's "chronic pain, fatigue, and situational anxiety," which is not contradicted by any of the testing conducted in the mental status exam, which only tested memory, orientation, attention, and fund of knowledge. AR at 551. These findings are supported by her interview of Plaintiff, which the ALJ improperly discounted as subjective as discussed above. *Id.* at 553. This focus on the mental status results, at the exclusion of other findings in the opinion, is an improper basis to discount Dr. Wingate's opinion. *See Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984) (an ALJ cannot "reach a conclusion first, and then attempt to justify it by ignoring competent evidence in the record that suggests an opposite result.")

Last, the ALJ found Dr. Wingate's opinion inconsistent with the medical record because Plaintiff did not seek mental health treatment. AR at 25. Dr. Wingate's opinion was based on Plaintiff's anxiety, pain, and fatigue, *id.* at 553, and the Commissioner does not address Dr. Wingate's pain and fatigue reasoning (*see* dkt. # 11 at 3-4). Further, "it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation." *Alice A. v. Comm'r of Soc. Sec.*, 574 F. Supp. 3d 885, 890 (W.D. Wash. 2021) (quoting *Van Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996)). "[T]he fact that claimant may be one of millions of people who did not seek treatment for a mental disorder until late in the day is not a substantial basis on which to conclude that [the doctor's] assessment of claimant's condition is inaccurate." *See Van Nguyen*, 100 F.3d at 1465. While the ALJ's consistency finding could, on its own, potentially support his assessment of Dr. Wingate's opinion, because his supportability finding was based on an erroneous application of the legal

standard, and remand is otherwise required, on remand the ALJ should reevaluate Dr. Wingate's opinion.

*3. Jared Bruce, D.O.*

Dr. Bruce examined Plaintiff in May 2024, and opined that Plaintiff could stand and walk for one hour at a time, sit for two hours at a time, frequently lift up to twenty pounds, and only occasionally stoop, kneel, crouch, crawl, and push/pull with his right foot. AR at 557-65. He based these opinions on Plaintiff's back pain and right foot fracture, though the fracture was expected to resolve within one month. *Id.* at 562. The ALJ considered this opinion and discounted it as it had "no support or consistency with the overall medical evidence discussed above[.]" *Id.* at 26.

Plaintiff argues the ALJ erred in discounting Dr. Bruce's opinion because it was supported and consistent with the record, contrary to the ALJ's findings. (Dkt. # 10 at 3-4.) But, as the Commissioner correctly argues, the ALJ found that Plaintiff had a right foot fracture and kidney stones which were causing back pain at the time of the evaluation, and both of these impairments resolved before the end of 2024. AR at 20-21. Plaintiff does not challenge these findings, and it was reasonable of the ALJ to discount this opinion as largely based on impairments that lasted for only a few months. Accordingly, the ALJ did not err in discounting Dr. Bruce's opinion.

*4. State Agency Medical Consultants*

The ALJ considered the opinions of the State agency medical consultants, Linda S., M.D., Stanley D., M.D., Vincent G., Ph.D., and Charles R., Ph.D., and found them persuasive. AR at 25. Plaintiff argues this was an error, as these opinions were unsupported and inconsistent with the record. (Dkt. # 10 at 6-7.)

While an ALJ must explain why he rejects medical opinion evidence, no such requirement exists where the ALJ accepts medical opinion evidence. *See* 20 C.F.R. § 416.927; *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (explaining that the ALJ is not required to provide clear and convincing reasons where the ALJ is not rejecting medical opinion evidence); *cf.* Social Security Ruling 96-8p (July 2, 1996) ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."). Accordingly, Plaintiff has not shown legal error in the ALJ accepting these opinions.

However, the ALJ erred in determining that Dr. G's "forms mistakenly [sic] anxiety as 'severe' in the list of impairments, but otherwise analyze and describe it as non-severe impairments, with none to mild B criteria." AR at 25. The ALJ seemingly confused the requirements for finding a listed impairment as opposed to a severe impairment. In practice, "the step-two inquiry is a de minimis screening device to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). "[Step two] is not meant to identify the impairments that should be taken into account when determining the RFC." *Buck*, 869 F.3d at 1048-49. AR at 67. It was unreasonable of the ALJ to determine that this opinion was mistaken in listing anxiety as "severe" on this basis. As remand is otherwise required, the ALJ should also reevaluate Dr. G's opinion on remand.

**B. The ALJ Erred in Evaluating Plaintiff's Testimony**

Absent evidence of malingering, an ALJ is required to provide clear and convincing reasons for discounting a claimant's testimony. *See Laborin v. Berryhill*, 867 F.3d 1151, 1155 (9th Cir. 2017). That said, the ALJ is not required to believe every allegation, nor to analyze testimony line by line. *See Ahearn*, 988 F.3d at 1116; *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th

Cir. 2020). The question is not whether this Court is convinced, "but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt*, 53 F.4th at 499.

The ALJ here did not properly evaluate Plaintiff's testimony. The ALJ generally found that "[t]he objective [sic] does not support the claimant's allegations of debilitating neurocognitive symptoms during the relevant period, or of any other problems would prevent the claimant from working." AR at 23. This is not the proper standard to evaluate Plaintiff's testimony in relation to the objective medical evidence. "[A]n ALJ may not 'reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain.'" *Smartt*, 53 F.4th at 498 (discussing and quoting *Burch v. Barnhart,* 400 F.3d 676, 680 (9th Cir. 2005)). But, "[w]hen objective medical evidence in the record is inconsistent with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt*, 53 F.4th at 498.

The ALJ here did not find any inconsistency. Further, it is unclear how a record which contains evidence of a craniotomy, following diagnosis of a cancerous mass in his right temporal lobe, is not supportive of Plaintiff's testimony that he has experienced cognitive difficulties. AR at 23-24. While it is true that Plaintiff reported "no new symptoms" after an MRI showed no recurrence or post-surgical changes, "such observations must be read in context of the overall diagnostic picture the provider draws." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (cleaned up). Plaintiff reported numerous cognitive symptoms prior to his craniotomy, and a lack of new symptoms does not indicate that he had returned to a normal level of functioning following his craniotomy.

Nor did the ALJ properly find Plaintiff's activities undermined his testimony. The ALJ found that Plaintiff's activities were consistent with the RFC that he determined, but this

evaluation gets the requirements backwards. *Cf. Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015) ("providing a summary of medical evidence in support of a residual functional capacity finding is not the same as providing clear and convincing reasons for finding the claimant's symptom testimony not credible.").

"The mere fact that a plaintiff has carried on certain daily activities . . . does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled." *Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004) (quoting *Vertivan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001)). But an ALJ may reject a plaintiff's testimony based upon daily activities that either contradict her testimony or "meet the threshold for transferable work skills." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). It is not clear from the ALJ's decision how the record showing that Plaintiff "goes grocery shopping, makes meals, does small projects for his mother and he spends time doing art and coloring, listens to music, does cleaning and basic chores, such as laundry, cooking, sweeping and vacuuming, does cooking, drives a car, plays guitar, and likes to fix things," AR at 24, contradicts his testimony of cognitive disfunction following his brain mass and craniotomy and need to change positions frequently due to back pain. Accordingly, the ALJ erred in discounting Plaintiff's testimony.

**C. The ALJ Erred in Evaluating Lay Evidence**

An ALJ may discount lay witness statements for germane reasons.[4] *Fain v. Bisignano*, ___F.4th___, 2026 WL 2795427, at *5 (9th Cir. Sept. 18, 2026). Valid reasons to reject a

[4] The Ninth Circuit clarified the requirements to evaluate lay evidence during the pendency of this appeal. Consequently, this Court ordered supplemental briefing (dkt. # 18), to which both parties replied (dkt. ## 19, 20.)

plaintiff's testimony necessarily constitute valid reasons to reject similar lay witness testimony. *Molina v. Astrue*, 674 F.3d 1104, 1117 (9th Cir. 2012).

Here, the ALJ provided no reasons to reject the lay witness testimony. The Commissioner argues that the lay testimony is similar to Plaintiff's testimony, and therefore the ALJ's reasoning for rejecting Plaintiff's testimony also applied to the lay evidence. (Dkt. # 11 at 9-10; dkt. # 19.) As discussed above, the ALJ did not properly evaluate Plaintiff's testimony. Accordingly, the ALJ erred in failing to discuss the lay evidence in the record.

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reevaluate the medical opinion evidence, Plaintiff's testimony, and the lay evidence.

Dated this 23rd day of October, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge